IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:05-cr-139 |
| Plaintiff, | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING |
| LEIF D. ROZIN, et al., | : | DEFENDANTS' MOTIONS TO |
| | : | DISMISS COUNT ONE OF THE |
| Defendants | : | INDICTMENT AND TO STRIKE |
| | : | OVERT ACTS |

This matter comes before the Court on Defendants' Rozin's, Kallick's, and Cohen's Motions to Dismiss Count One of the Indictment (docs. 65, 72, 74) and the Government's opposition thereto (doc. 81); as well as Defendant Rozin's Motion to Strike from the Indictment Alleged Overt Acts Pertaining to 1999 LOI Policies (doc. 58) and the Government's opposition thereto (doc. 80).

The Court held a hearing on the above motions on May 14, 2007, at which time the Court heard arguments and received evidence. The motions are now fully briefed and are ready for review. The Court addresses each motion below.

I.      BACKGROUND

In or around 2000, the Government began investigating the business dealings of Rozin, Inc., of which Leif D. Rozin and Burton Kallick were co-owners. The investigation of Rozin and Kallick eventually led the Government to also investigate Defendants Milton Liss and Bruce Cohen, both of whom were licensed insurance agents who advised and eventually established

various insurance plans for Rozin and Kallick, and Defendant Alan Koehler, who served as in-house counsel for Rozin, Inc.

On October 5, 2005, the grand jury returned a multi-count indictment against Defendants Alan Koehler, Leif D. Rozin, Bruce Cohen, Burton Kallick, and Milton Liss, charging Defendants with various counts of conspiracy to defraud the United States and impede and impair the Internal Revenue Service ("IRS") in violation of 18 U.S.C. § 371 (Count 1), subscribing a false tax return in violation of 26 U.S.C. § 7206(1) (Count 2), aiding and assisting in the preparation and filing of a false tax return in violation of 26 U.S.C. § 7206(1) (Counts 3-5), and attempted tax evasion in violation of 26 U.S.C. § 7201 (Counts 6 and 7).  (See Indictment, doc. 1.)  Rozin is charged under Counts 1, 2, and 6; Kallick was charged under Counts 1, 3, and 7, but has since been dismissed from the suit due to his death; and Koehler, Cohen, and Liss are charged under Counts 1, 3, 4, and 5.

## II.    MOTIONS TO DISMISS COUNT ONE OF THE INDICTMENT

Defendants Rozin, Kallick, and Cohen all move to dismiss Count 1 on the ground that it fails to allege a violation of a specific offense against the United States as required by 18 U.S.C. § 371.  As an initial matter, the Court denies as moot Kallick's and Cohen's Motions to Dismiss Count 1 of the Indictment on grounds that Kallick has passed away and is therefore no longer a defendant in this suit and Cohen pled guilty to Count 1 on May 4, 2007.  For the reasons that follow, the Court also denies Defendant Rozin's motion.

18 U.S.C. § 371 provides in relevant part that:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of

2

the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

Courts have routinely interpreted § 371 to be written in the disjunctive, such that it criminalizes two categories of conduct:

> conspiracies to commit offenses specifically defined elsewhere in the federal criminal code, and conspiracies to defraud the United States. The first category requires reference in the indictment to another criminal statute which defines the object of the conspiracy. The second category, the defraud clause, stands on its own without the need to refer to another statute which defines the crime.

See United States v. Mohney, 949 F.2d 899, 901 (6th Cir. 1991) (quoting United States v. Minarik, 875 F.2d 1186, 1186-87 (6th Cir. 1989)).

In this case, Defendants are charged under the defraud portion of the statute. Count 1 of the Indictment under which Defendants were charged states that they "did unlawfully and knowingly combine, conspire, confederate, and agree together and with each other, and with other persons both known and unknown to the Grand Jury, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service ("IRS") in the ascertainment, computation, assessment and collection of federal income taxes" in violation of 18 U.S.C. § 371. (Indictment, Count 1, doc. 1 ¶ 27.) Count 1 also contains a detailed six-page description of the "objective" and the "manner and means" of the alleged conspiracy. (Id. ¶¶ 28-48.) The alleged "objective" of the conspiracy is as follows:

> It was a part and an object of the conspiracy that the defendants . . . and their coconspirators agreed to conceal the true and correct income of defendants LEIF D. ROZIN and BURTON B. KALLICK by causing Rozin, Inc. to purchase sham "Loss of Income" ("LOI") insurance policies for the purpose of impeding and impairing the IRS from ascertaining and collecting the federal individual income taxes due and owing to the United States by defendants LEIF D. ROZIN and BURTON B. KALLICK for tax years 1998 and 1999.

(Id. ¶ 28.)

3

Relying on <u>Minarik</u>, 875 F.2d at 1186, Rozin contends that he should have been charged under the specific offense rather than the defraud portion of § 371.  According to Rozin, the facts alleged fit well within the framework of 26 U.S.C. § 7206(1) and the Government could have charged Defendants with a conspiracy to violate that statute.  (Doc. 65 at 3.)  Section 7206(1) criminalizes the act of subscribing a false tax return.

In <u>Minarik</u>, the Sixth Circuit held that where a specific statute criminalizes the conduct involved in the alleged conspiracy, the defendant must be charged under the specific offense rather than the defraud portion of 18 U.S.C. § 371.  <u>See</u> 875 F.2d at 1193-94; <u>United States v. Kraig</u>, 99 F.3d 1361, 1366 (6th Cir. 1996).  The defendants in <u>Minarik</u>, after receiving three tax assessment notices from the IRS, sold real estate, arranged for the buyer to pay in either cash or cashier's checks of less than $5,000, and unsuccessfully attempted to conceal the income received from the sale.  875 F.2d at 1186.  The IRS arrested the defendants and charged them in a one-count indictment with willfully conspiring "to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the Department of the Treasury" in violation of 18 U.S.C. § 371.  <u>Id.</u> at 1188.  The indictment further stated that "[i]t was a part of the said conspiracy that the defendants would conceal and continue to conceal the nature of ALINE MERKEL CAMPBELL'S business affairs regarding a residential property owned by her in Nashville, Tennessee and would conceal and continue to conceal the source and nature of her income from said business affairs."  <u>Id.</u>  Finally, the indictment set forth the alleged acts taken in furtherance of the conspiracy.  <u>Id.</u>

The government subsequently filed a bill of particulars offering "two distinct theories for the prosecution: avoidance of the currency reporting requirement of 31 U.S.C. § 5313(a), a

theory later abandoned by the government, and tax evasion, a theory the court did not believe was alleged in the indictment." Mohney, 949 F.2d at 901 (citing Minarik, 875 F.2d at 1189-90.) At trial, the government again shifted theories about what legal duties the defendants had violated. The Minarik Court was particularly concerned with the government's continually shifting theories of the alleged nature of the conspiracy and the fact that the government "never defined what duty defendants were under and thus never argued how the objective acts it adduced proved a dishonest intention to breach that duty." Minarik, 875 F.2d at 1190.

The Minarik Court ultimately found that the government used the defraud clause in a way that caused "great confusion about the conduct claimed to be illegal." Id. at 1196. The court held that because 26 U.S.C. § 7206(4) specifically criminalized the behavior at issue in the conspiracy charge, the defendants should have been charged with engaging in a conspiracy under the offense clause of 18 U.S.C. § 371 for violating § 7206(4), rather than the "defraud" clause. In holding as such, the court noted that the purpose of the defraud section "was to reach conduct not covered elsewhere in the criminal code." Id. at 1194.

The Sixth Circuit has subsequently limited its holding in Minarik to the particular facts of that case. See Mohney, 949 F.2d at 902-03; United States v. Khalife, 106 F.3d 1300, 1304 (6th Cir. 1997) (recognizing the limitation); United States v. Adams, No. 06-33-JBC, 2006 WL 2037411, at *1 (E.D. Ky. July 18,2006) (noting that "the Sixth Circuit has repeatedly distinguished Minarik on its facts"). In Mohney, the defendants were charged in a seven-count indictment that alleged Mohney had concealed his ownership of several adult-oriented businesses and filed false personal income tax returns. Count 1 of the indictment charged Mohney and his co-defendants under the defraud clause of § 371. The remaining six counts

charged Mohney with filing and aiding in the filing of false tax returns in violation of 26 U.S.C. §§ 7206(1) and (2).  The defendants brought a motion to dismiss Count 1 based on the court's ruling in Minarik, which the district court granted.  The Sixth Circuit reversed the district court's ruling, stating unequivocally that "[t]he court in Minarik reached its decision based on the specific facts of that case.  Minark did not require that all prosecutors charge all conspiracies to violate a specific statute under the offense clause of section 371."  Mohney, 949 F.2d at 902.

The Mohney Court then distinguished Minarik on several bases: First, the court noted that confusion resulting from the ambiguous indictment and shifting prosecution theories in Minarik was not present in Mohney.  In contrast, the indictment in Mohney provided sufficient notice to the defendants of the charges against them in that it "tracked the language of section 371, named the agency impeded and explained how, and by whom, the agency was impeded, and clearly charged a violation of the defraud clause of section 371."  Id. at 904.  The second difference the Mohney Court noted was that unlike in Minarik, the conduct charged in Mohney implicated several statutes, including 26 U.S.C. §§ 7201, 7203, 7206, and 7207.  Id. at 904-05.  Finally, the Mohney Court found that the duties involved in that case, including the duties not to file false tax returns and not to attempt to evade the assessment and payment of taxes, were not "technical and difficult to discern" like the pre- and post-levy disclosure requirements in Minarik.  Id. at 905 (quoting Minarik, 875 F.2d at 1196).

As stated above, Rozin contends that this case fits squarely within the holding of Minarik.  In doing so, Rozin has repeatedly referred to the indictment as alleging a "single item, single year" offense.  (See, e.g., Tr. 5:9.)  Defendants may choose to characterize the alleged offense as merely subscribing a false tax return for the year 1998.  Indeed they have consistently

sought to limit the indictment to that alleged event.  Whatever manner the Defendants choose to characterize the nature of this case does not alter the fact the Government alleges a broad conspiracy spanning several years and encompassing more than the isolated filing of an allegedly false income tax return.

Indeed, the Court finds, contrary to Rozin's assertion, that the instant case is far more analogous to Mohney than to Minarik.  First, the conduct alleged in the indictment alleges an ongoing scheme to deceive the IRS of Rozin and Kallick's true income, involving such acts as utilizing offshore nominee corporations, backdating documents, claiming or causing the claiming of $1,825,000 of false tax deductions, and filing insurance claims on illegitimate LOI policies. Those allegations, if proven, implicate several substantive offenses not limited to the filing of an allegedly false tax return.  Neither 26 U.S.C. § 7206(1)-(2) nor 26 U.S.C. § 7201 covers the totality and scope of the alleged conspiracy.  See United States v. Kraig, 99 F.3d 1361, 1367 (6th Cir. 1996) (holding that charging the defendants under the defraud portion of 18 U.S.C. § 371 was appropriate where the defendants were alleged to have violated several tax statutes including both 26 U.S.C. § 7206 and 26 U.S.C. § 7201 because "no provision of the tax code covers the totality and scope of the conspiracy").

Second, unlike in Minarik, the indictment is replete with specific and detailed information about the alleged conspiracy and gives Rozin and the other defendants adequate notice of the conduct constituting the charges against them.  Like the indictment in Mohney, the indictment in this case sets "forth the roles played by each defendant, the overt actions they took in furtherance of the conspiracy, and the means used to accomplish the conspiracy."  Mohney, 949 F.2d at 904.  The Government has shown no signs of shifting prosecution theories.

Finally, the duties Defendants are alleged to have violated in this case are similar to those in Mohney and are not "technical and difficult to discern." See id. at 905 (quoting Minarik, 875 F.2d at 1196).  Accordingly, the Court denies Rozin's Motion to Dismiss Count One of the Indictment.

## III.    MOTION TO STRIKE OVERT ACTS

The Court turns next to Defendant Rozin's Motion to Strike from the Indictment Alleged Overt Acts Pertaining to 1999 LOI Policies (doc. 58), brought pursuant to Fed. R. Crim P. 7(d).[1] With this motion, Rozin argues once again that this is a "single item, single year" (see, e.g., Tr. 5:9) case and that paragraphs 88-91 and 95-96 of the indictment, all of which pertain to the 1999 LOI policy, are surplusage because the Defendants never deducted the premium for the 1999 policy as a business expense on any tax return. In other words, Rozin claims that "[b]ecause the 1999 LOI premiums were never deducted on a tax return which was actually filed with the IRS, the cashing of checks representing the proceeds of a claim on such 1999 LOI policies, [sic] cannot serve as overt acts of conspiracy to impair and impede the IRS."  (Doc. 58 at 4.)

The Government responds that the allegations regarding the 1999 LOI policies are central aspects of the crimes charged.  One aspect of the alleged conspiracy is that Rozin, Kallick, and Koehler "had prepared and signed in the year 2000 a Rozin, Inc., corporate tax return, Form 1120S, for tax year 1999 which reported the approximately $1.7 million spent on LOI policies as business deductions for insurance and fees.  However, the return was not filed with the IRS because the defendants became aware of the criminal investigation by the IRS in late July 2000."

---

[1] Pursuant to Rule 7(d), a court may strike irrelevant portions of an indictment, including irrelevant allegations of overt acts in connection with a conspiracy claim.  See United States v. Miller, 471 U.S. 130, 144-45 (1985).

(Doc. 1 ¶ 43.)  According to the Government, the fact that Defendants never actually filed the suspect year 1999 tax return with the IRS in 2000 is irrelevant because the Government need not prove that a conspiracy is successful in order to obtain a conviction.  Indeed, the Sixth Circuit has recently reaffirmed that "[t]o prove [the defendant] guilty of conspiracy to defraud the IRS, the government [does] not have to prove that [the defendant] violated a substantive statute." United States v. Harris, 200 Fed. App'x 472, 500 (6th Cir. 2006); see also United States v. Collins, 284 F.2d 517 (6th Cir. 1960) ("In order to convict for conspiracy, it is not necessary to prove that the conspiracy was successful.").  The Court finds that the overt acts at issue are neither irrelevant nor surplusage, but rather are integral to the 18 U.S.C § 371 conspiracy to defraud charge.  Accordingly, Defendant Rozin's motion to strike those portions of the indictment is denied.

## VI.    CONCLUSION

For the reasons stated above, the Court **DENIES AS MOOT** Kallick's and Cohen's Motions to Dismiss Count 1 of the Indictment (docs. 72, 74) and **DENIES** Rozin's Motion to Dismiss Count 1 of the Indictment (doc. 65).  The Court also **DENIES** Defendant Rozin's Motion to Strike from the Indictment Alleged Overt Acts Pertaining to 1999 LOI Policies.  (Doc. 58.)

IT IS SO ORDERED.

       s/Susan J. Dlott
Susan J. Dlott
United States District Judge

9